MOORE, Judge.
Morris W. Cochran, M.D., seeks review of a judgment of the Alabama Board of Medical Examiners (“the board”) revoking Cochran’s Alabama Controlled Substances Certificate. We affirm.

Procedural History

On June 22, 2012, the board entered an order directing Cochran to show cause why his Alabama Controlled Substances Certificate should not be revoked. Cochran filed a motion to dismiss the action, asserting that the action was barred by the doctrine of res judicata. On September 19, 2012, the board entered an order denying that motion. After a hearing, the board entered a judgment on October 9, 2012, revoking Cochran’s Alabama Controlled Substances Certificate. On October 22, 2012, Cochran filed a motion for a rehearing; that motion was denied on November 16, 2012. Cochran filed his notice of appeal to this court on December 13, 2012, and he filed a “petition for judicial review” on December 14, 2012. See § 34-24-380(c), Ala.Code 1975.

Discussion

Cochran argues that the board’s action was barred by the doctrine of res judicata because, he says, the board has previously prosecuted an action (“the revocation action”) before the Medical Licen-sure Commission (“the commission”), seeking to revoke Cochran’s license to practice medicine based on the same facts. We note, however, that “the doctrine of res judicata will not be applied to bar a claim that could not have been brought in a prior action.” Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507, 517 (Ala.2002). Section 34-24-360, Ala.Code 1975, provides, in part: “The [commission] shall have the power and duty to suspend, revoke, or restrict any license to practice medicine or osteopathy in the State of Alabama or place on probation or fine any *737 licensee.” Section 20-2-54(a), Ala.Code 1975, provides, in part: “A registration under Section 20-2-52[, Ala.Code 1975,] to manufacture, distribute or dispense a controlled substance may be suspended or revoked by the certifying boards.” Section 20-2-2(3), Ala.Code 1975, defines “certifying boards” as: “The State Board of Medical Examiners, the State Board of Health, the State Board of Pharmacy, the State Board of Dental Examiners, the State Board of Podiatry, and the State Board of Veterinary Medical Examiners.”
Thus, the present action seeking to revoke Cochran’s Alabama Controlled Substances Certificate could not have been brought in the revocation action before the commission because the commission had no authority to revoke that certificate. The authority to revoke Cochran’s Alabama Controlled Substances Certificate is vested in only the board. Because the underlying action seeking to revoke Cochran’s Alabama Controlled Substances Certificate could not have been brought in the revocation action, “the doctrine of res judi-cata [could] not be applied to bar” the underlying action. Lee L. Saad Constr. Co., 851 So.2d at 517. Accordingly, the judgment revoking Cochran’s Alabama Controlled Substances Certificate is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
DONALDSON, J., concurs in the result, without writing.